UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISEO ALVARADO,<br><br>  Plaintiff,<br><br>  v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>  Defendant. | Case No. 1:22-cv-01198-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY[2]<br><br>(Doc. Nos. 17, 21) |

Eliseo Alvarado ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income and disability insurance benefits under the Social Security Act. (Doc. No. 1). The matter is currently before the undersigned on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 17, 21). For the reasons set forth more fully below, the Court grants Plaintiff's motion for summary judgment, denies Defendant's cross motion for summary judgment, and remands the matter to the Commissioner of Social Security for further administrative proceedings.

---

[1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit. *See* Fed. R. Civ. P. 25(d).

[2] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 22).

# I. JURISDICTION

Plaintiff protectively filed for supplemental security income and disability insurance benefits on November 29, 2018, alleging a disability onset date of October 30, 2016 in both applications. (AR 282-95). Benefits were denied initially (AR 78-109, 144-47) and upon reconsideration (AR 112-39, 149-55). Plaintiff appeared for a telephonic hearing before an administrative law judge ("ALJ") on June 24, 2021. (AR 44-77). Plaintiff testified at the hearing and was represented by counsel. (*Id*.). On July 28, 2021, the ALJ denied benefits (AR 23-43), and on March 8, 2022 the Appeals Council denied review. (AR 11-17). The matter is before the Court under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

# II. BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 49 years old at the time of the hearing. (*See* AR 52). He completed eleventh grade. (AR 55). He lives with a friend who helps take care of him. (AR 53-54). He has work history as a customer service representative. (AR 56-60, 71). Plaintiff testified that he cannot work in a full-time job because of depression and vision problems. (AR 61). He reported difficulty sleeping, anxiety attacks that cause shortness of breath, crying spells almost every other day, difficulty concentrating, and difficulties with memory. (AR 62-64). Plaintiff is currently stable on medication for HIV, but has difficulty remembering to take it. (AR 66). He testified that he cannot drive due to vision problems, and cannot see things on the ground if the lighting is not bright enough. (AR 66-67). Plaintiff reported that he spends half of what would be a normal workday sleeping in order to catch up on the sleep he lost at night. (AR 69).

# III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial

evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.   SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity,"

the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the

claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### V. ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 30, 2016. (AR 29). At step two, the ALJ found that Plaintiff has the following severe impairments: vision loss in the right eye; depression with anxiety; a neurocognitive disorder; and insomnia. (AR 29). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 29-31). The ALJ then found that Plaintiff has the RFC to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can never climb ladders, ropes, or scaffolds; never work around moving mechanical parts or unprotected heights; occasionally perform work requiring depth perception; retains the visual acuity to handle large objects and visual fields necessary to avoid hazards in the workplace; cannot perform work requiring binocular vision; can tolerate normal ambient lighting; can do work uncomplicated enough that it can be learned within 30 days; cannot do work requiring hourly quotas/conveyor belts; can tolerate occasional, simple workplace changes; can have occasional interaction with coworkers and supervisors and cannot have public contact.

(AR 31). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.

(AR 35). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including: housekeeping cleaner, merchandise marker, and collator operator. (AR 35-36). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from October 30, 2016, through the date of the decision. (AR 36).

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act and disability insurance benefits under Title II of the Social Security Act. (Doc. No. 1). Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered the medical opinion evidence; and
2. Whether the ALJ properly assessed the RFC, including consideration of Plaintiff's symptom claims.

(Doc. No. 17 at 10-17).

## VII. DISCUSSION

**A. Medical Opinions**

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 404.1520c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of

an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence. *Id.* at 792. This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Plaintiff argues the ALJ improperly rejected the medical opinion of examining psychiatrist Ekram Michiel, M.D. (Doc. No. 17 at 10-12). In March 2019, Dr. Michiel conducted a mental health evaluation of Plaintiff, including review of records, and opined that Plaintiff is unable to maintain attention and concentration to carry out simple job instructions. (AR 482-84). The ALJ found Dr. Michiel's opinion unpersuasive for several reasons. First, as to supportability, the ALJ found his opinion "is not consistent with his objective findings." (AR 34). In support of this finding, the ALJ noted Plaintiff's "ability to repeat four digits forwards and three backwards as well as his immediate but not delayed recall for three items appears consistent with unskilled work." (*Id*.). Plaintiff argues the ALJ's finding is unsupported because he "misstates [Dr. Michiel's] findings and failed to consider the entirety of [his] findings." (Doc. No. 17 at 11). The Court agrees. As to Plaintiff's "attention/concentration," the entirety of Dr. Michiel's findings was that "[Plaintiff] is impaired. He had asked me to repeat the digits three times. He did only four forward and three backwards." (AR 483). In addition to Dr. Michiel's explicit finding that Plaintiff's attention and concentration were impaired, the mental status examination conducted by Dr. Michiel also found Plaintiff was unable to recall three items after five minutes, did not know what day it was, he "jumped from one topic to another," he could not recall his last meal, and could not recall when he was married and when he was divorced. (AR 483-84). Thus, the ALJ's finding that Dr. Michiel's opinion is unpersuasive based on inconsistency with his own "objective findings" is not supported by substantial evidence. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (ALJ may not cherry-pick aspects of the medical record and focus only on those aspects that fail to support a finding of disability).

Next, as to consistency, the ALJ generally noted, without citation to the record or further explanation, that Plaintiff's "treating sources have not observed any deficits in attention, memory, or concentration." (AR 34). First, Plaintiff argues that that Dr. Michiel was the only doctor to assess Plaintiff's cognitive abilities, "[a]ccordingly, any suggestion that there are findings that refute Dr. Michiel's opinion is unsupported by *any* evidence, much less *substantial* evidence." (Doc. No. 17 at 11) (emphasis in original). Defendant contends that the ALJ considered the treatment notes of Plaintiff's treating psychologist who noted Plaintiff was alert and oriented,

well groomed, euthymic, had normal speech and thought content, and good insight and judgment; and in further support of this argument, Defendant cites several examinations by "other medical providers" noting Plaintiff's mood and affect were normal, he was alert and oriented, and had normal judgment and thought content.  (Doc. No. 21 at 4-5 (citing AR 33-34, 438-39 (noting Plaintiff's depression improved with medication), 458, 682, 684, 688, 704)).  Initially, as noted by Plaintiff, when considering the medical opinion evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own interpretations and explain why they, rather than the doctors', are correct."  (Doc. No. 17 at 12 (citing *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)); *see also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (a court "cannot substitute [the court's] conclusions for the ALJ's, or speculate as to the grounds for the ALJ's conclusions.  Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").  Here, the ALJ provides no explanation for how the limitations on attention and concentration opined by Dr. Michiel are inconsistent with a lack of "observed deficits" in attention, concentration, and memory by Plaintiff's "treating sources."  (AR 34).  Moreover, the Court's review of treatment notes across the longitudinal record do not indicate that those sources specifically assessed *cognitive limitations*; and notably, both Dr. Michiel and the "other medical providers" cited by Defendant assessed normal thought content and process.  (AR 439, 483, 688).  Thus, to the extent the ALJ found Dr. Michiel's opinion less persuasive based on an unexplained inconsistency with treatment records, this finding is not supported by substantial evidence.

Based on the foregoing, the ALJ's finding that Dr. Michiel's opinion is unpersuasive is not supported by substantial evidence.  On remand the ALJ must reconsider Dr. Michiel's opinion along with any relevant medical opinion evidence.

**B. RFC**

Plaintiff additionally argues the ALJ (1) "failed to include work-related limitations in the RFC consistent with the nature and intensity of Plaintiff's limitations, and failed to offer legitimate reasons for rejecting Plaintiff's subjective complaints," and (2) "improperly interpreted

1 raw medical data, rendering the RFC fatally flawed." (Doc. No. 17 at 12-17).  Considering the
2 need to reconsider Dr. Michiel's medical opinion, which the Court notes is also discussed at
3 length in the ALJ's summary of the medical evidence and consideration of Plaintiff's symptom
4 claims (AR 33), the Court declines to address these challenges in detail here.  On remand, the
5 ALJ is instructed to reconsider the medical opinion evidence and conduct a new sequential
6 analysis, including a reevaluation of Plaintiff's symptom claims, and reassessment of the RFC as
7 necessary.

**C. Remedy**

Plaintiff requests that the case be remanded for further proceedings including a *de novo*
hearing and a new decision. (Doc. No. 17 at 17).  The Court finds that further administrative
proceedings are appropriate.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-
04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative
proceedings would serve a useful purpose).  Here, the ALJ improperly considered the medical
opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical
propounded to the vocational expert, are supported by substantial evidence.  "Where," as here,
"there is conflicting evidence, and not all essential factual issues have been resolved, a remand for
an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101.  On remand, the ALJ should
reconsider the medical opinion evidence and Plaintiff's symptom claims, particularly as to his
claimed mental health and cognitive limitations.  The ALJ should order additional consultative
examinations and, if appropriate, take additional testimony from medical experts.  The ALJ
should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take
additional testimony from a vocational expert which includes all of the limitations credited by the
ALJ.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 17) is GRANTED.
2. Defendant's Cross-Motion for Summary Judgment (Doc. No. 21) is DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the
   Commissioner's decision and REMANDS this case back to the Commissioner of

Social Security for further proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion within thirty (30) days.

5. The Clerk shall enter judgment in favor of the Plaintiff, terminate any pending motions/deadlines, and close this case.

Dated:   February 8, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE